HANNA W. BERGMANN, Respondent, v. THE ST. LOUIS LIFE. INSURANCE COMPANY, Appellant.

### May 16, 1876.

1. Where an insurance company has so dealt with the insured as to induce a belief that the clause of forfeiture for non-payment of interest on a premium note will not be insisted upon, there will be no forfeiture if payment be tendered within a reasonable time.

2. But, where no tender of the interest is made for three months, and the insured dies without having made a tender, the clause of the forfeiture will be enforced.

APPEAL from St. Louis Circuit Court.

*Reversed and judgment.*

*Davis & Smith*, for appellant, cited : Bouton v. American Mutual Life Ins. Co., 25 Conn. 542 ; Helme v. Philadelphia Life Ins Co., 61 Penn. 107 ; Bliss on Ins. (2d ed.) 312 ; Edge v. Duke, 18 Law Jud. Eq. 183 ; Pritchard v. M. & T. Life Assur. Soc., 3 C. B. (N. s.) 622 ; Mutual Benefit Life Ins. Co. v. Ruse, 8 Ga. 534 ; Howell v. Knickerbocker Life Ins. Co. ; Latham v. Westervelt, 26 Barb. 256 ; Chapin v. Potter, 1 Hilt. 366.

*Eccles & Smith*, for respondent, cited : Helme v. Philadelphia Life Ins. Co., 61 Penn. 107 ; Young's Admrs. v. Mutual Life Ins. Co., 4 Big. 1 ; Ripley v. Ætna. Ins. Co., 29 Barb. 557 ; Goit v. National Ins. Co., 25 Barb. 186 ; Baker v. Union Life Ins. Co., 6 Robt. 394 ; Boehm v. Williamsport Ins. Co., 35 N. Y. 131 ; Mayers v. Mutual Life Ins. Co., 4 Big. 62 *et seq.*

BAKEWELL, J., delivered the opinion of the court.

This was an action on a policy of insurance, dated April 23, 1867, by which defendant, in consideration of $214.80 then paid, and of the annual premium of $214.80 to be paid on or before April 23d, for nine years next succeeding the date of the policy, did insure the life of August H. Bergmann in the sum of $4,000, the amount of insurance to be paid to plaintiff on April 23, 1896, or, should the insured die before that date, then to pay the same in ninety days after due notice and proof of death.

The policy contains two provisos : (1) That, if default is made in the payment of any of the annual premiums at the date they become due, this shall not work a forfeiture of the policy ; but the amount insured shall be commuted to such proportional part of the whole sum insured as the annual payments actually paid shall bear to the sum of the annual payments agreed to be paid. (2) If the insured shall fail to pay annually, in advance, the interest on any unpaid notes or loans which may be owing by said insured to said company on account of any of the above-mentioned annual premiums, at the office of the company, in the city of St. Louis, or to agents when they produce receipts signed by the president or secretary, then, and in every such case, the company shall not be liable for the payment of the sum assured, or any part thereof, and this policy shall cease and determine.

Bergmann died on July 18, 1873. He made no payment on account of the policy after April 23, 1872. The testimony showed that, at the time the policy was taken out, there was paid in cash $107.40, and a note for $107.40 was given, on which interest was paid in advance for one year, at 6 per cent. In April, 1868, another note was given for $107.40, and a cash payment made of $107.40, and also interest was paid in advance on the two notes. In 1869 $107.40 was paid, a new note given, and interest paid in advance on three notes. In 1870 the same cash payment was made, the old notes were surrendered by the company,

and a new note given for $414.62, being four times $107.40, less a dividend deducted, and interest was paid in advance. In 1871 the same cash payment was made, the old note was surrendered, and a new note taken for $506.80, on which interest was paid in advance. In 1872 the cash payment was made, the old note surrendered, a new note for $614 was taken, and interest paid in advance for one year. The premiums were paid on the day they were due in 1869 and 1872. In 1868 they were paid two days before they were due; in 1871, one day after, and in 1870, two days after they were due. Up to 1872, the company always sent notice to deceased when the premiums were due. No notice was sent of the premium due in 1873. Some time between the time when the last premium became due and the date of his death, deceased said that he had received no notice, and supposed the company wanted no money till their troubles were over. He also said he guessed he would not pay any more money till the company got through their troubles, and then he would see how they got along. The jury found for the plaintiff, in the sum of $2,586. A motion for a new trial was made, and, upon plaintiff remitting $214.80, was overruled, and judgment entered for $2,371.20. Defendant excepted, and appeals to this court.

It is clear that the defendant in this case had so dealt with deceased as to induce a belief that the claim of forfeiture would not be insisted upon, in case payment was not made on the exact day; and had payment been tendered and refused, within a reasonable time, there would have been no forfeiture. The stipulations in the contract, as to time of payment, were not considered as of its essence, and the contract did not become void because the interest was not paid on the very day. The acts and conduct of the parties themselves gave the contract this construction. This is settled in Missouri. But no tender of the interest was made at any time. Three months elapsed without a tender, and meanwhile the insured died. In not paying at

the exact time, he took the risk of death occurring in the interval. It does not appear that he ever offered to pay, or that he intended to pay. It does appear by the testimony of plaintiff's own witness, a son of deceased, that he knew his interest was due, adverted to the fact, and resolved to pay no more in the then existing condition of the affairs of the company.

To hold, under such circumstances, that the policy was in force at the time of his death, in the face of the express proviso that it determines on failure to pay the interest annually in advance, is to go much further than the courts have yet gone in doing away with forfeiture. It cannot be permitted that contracting parties shall thus play fast and loose. The provision for prompt payment of interest, in policies such as the one before us, is a most wholesome one, and, if it may be utterly disregarded, life insurance, on the popular system represented by this policy, will be at an end. Were it a question of public policy, it would be against public policy to allow a recovery under such circumstances as these. But it is not a mere question of policy. There was no question here of the deceased being thrown off his guard. He knew his interest was due; he had not forgotten it. He chose not to pay it, and was not in the disposition to tender it. He was waiting to see what would turn up. It is a misfortune for his legal representatives; but courts sit to enforce lawful contracts, and to see to it, in the case brought before them, that no one be deprived of his property without due process of law. We can no more sanction this verdict and judgment than we could decree the payment of this insurance money had the deceased died before the contract was completed.

The verdict and judgment of the Circuit Court must be set aside, and it is so ordered; and judgment is here entered for the defendant. All the judges concur.